*Formatted for Electronic Distribution*                                    *For Publication*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF VERMONT

_____

In Re:

    **Douglas A. Turner and**                    **Chapter 7**

    **Mary E. Turner,**                     **Case # 09-11281**

        **Debtors.**

_____

In Re:

    **Kimberly L. Murray,**               **Chapter 7**

        **Debtor.**                **Case # 09-11365**

Filed & Entered
On Docket
February 3, 2011

_____

In Re:

    **Paul J. Bova, Jr., and**               **Chapter 7**

    **Lisa M. Bova,**                   **Case # 09-11420**

        **Debtors.**

_____

In Re:

    **Chad E. Coon and**                 **Chapter 7**

    **Racheal Bjornson-Coon,**          **Case # 09-11466**

        **Debtors.**

_____

## ORDER
### OVERRULING THE TRUSTEE'S OBJECTIONS TO EXEMPTION,
### GRANTING IN PART AND DENYING IN PART THE TRUSTEE'S MOTIONS FOR TURNOVER,
### AND SCHEDULING ORAL ARGUMENT ON NOTICE ISSUE

For the reasons set forth in the memorandum of decision of even date, THE COURT HEREBY FINDS that in each of these cases:

A.    the Pro Rata Refunds* at issue are property of the bankruptcy estate;

B.    the Debtors' amendments of Schedule C, even though made after the Trustee's demand for turnover of the Pro Rata Refunds, were timely and proper;

C.    the Trustee is entitled to turnover only to the extent that the amount of the Pro Rata Refund exceeds the amount of the claimed exemption; and

D.    the Trustee is not entitled to compensation in excess of the sum computed under the formula set forth in § 326, for the time and effort he expended challenging the Debtors' exemption of the Pro Rata Refunds.

THE COURT FURTHER FINDS that the record is insufficient for the Court to make a determination, at this time, on the notice issues raised in each of these cases.

Accordingly, IT IS HEREBY ORDERED that in each of these cases:

1.      the Trustee's objection to the claimed exemption is overruled;

2.      the Trustee's motion for turnover is granted in part and denied in part; and

3.      the Trustee's request for additional § 326 compensation is denied, without prejudice to the Trustee's right to file an application for allowance of an administrative expense.

IT IS FURTHER ORDERED as follows:

4.      The Trustee shall return to the Debtors all monies the Trustee received in connection with the Debtors' 2009 tax refunds within fourteen (14) days of the entry of this Order (see Memorandum of Decision, Findings of Fact ¶¶ 1(f), 2(f), 3(f), 4(f)).

5.      The Debtors and the Trustee shall appear at a hearing at 11:00 a.m. on March 22, 2011, at the United States Bankruptcy Court, in Burlington, Vermont, to present oral arguments on the issue of whether the Trustee had a duty to give notice to the Debtors of his letters of intercept to the Internal Revenue Service requesting turnover of their tax refunds, and whether Bankruptcy Rule 6007 applies to such a disposition of property by the Trustee.

6.      Counsel for the Debtors shall each file a memorandum of law on the above-referenced notice issues by February 21, 2011, the Trustee shall file responsive memoranda of law on the notice issues by March 10, 2011, and if the Debtors wish to file reply memoranda, they shall file them by March 15, 2011.

7.      The United States Trustee and any other party who wishes to be heard on this notice issue may also file a memorandum of law, if they file it by March 3, 2011; they may present oral argument at the March 22nd hearing if, by March 15, 2011, they notify the Trustee, the Debtors, and the courtroom deputy of their intent to do so.

SO ORDERED.

February 3, 2011                                              Colleen A. Brown
Burlington, Vermont                                          United States Bankruptcy Judge

_____

*       All capitalized terms in this Order shall have the same meanings as ascribed to them in the companion memorandum of decision.

2